Ruffin, C. J.
 

 The judgment must be affirmed. The length of possession, required for raising the presumption of a grant from the State, has often been the subject of consideration and conference among those who have been Judges of this Court at different periods. The great and rapid changes wrought by the care and culture of man in the condition and value of the wild lands of our country, and the consequent propriety of quieting men in their estates, on which they had bestowed their labor sufficiently long to work those changes, early induced the Legislature • to render much shorter, than they had been, the periods, at which bad titles should become good, as bars to the entry of a private person or under the State, when such possession was under color of title. 'The Courts, by that example, felt constrained to modify the rule, in respect to the presumption of a grant at common Law, by allowing that effect to a shorter possession, than had been required by our ancestors in England. It was obvious, however, that it was indispensable to fix on some certain
 
 minimum
 
 of possession, as necessary to raise the presumption. For, otherwise, there would be no rule, as the law of a case ; and each question, as it should arise, would rest in the arbitrary iscretion of the Judge, or in the not less arbitrary, but, less
 
 *264
 
 balanced, discretion of the jury. In settling on the
 
 minimum
 
 the Judges would naturally resort to the analogies supplied by the legislative action; and, having regard to the provision of the act of 1791, that even a possession under color of title and to known and visible lines must continue for twenty-one years before it would be a bar to the State, it appeared to them, that a grant to one, who entered apparently as a wrong-doer, could not be judicially presumed in less than thirty years. That was finally adopted as the period, for which, at the least, there must be a possession, in order to establish a grant. Although that precise period was not definitely concluded on at first, and although some particular Judge may have entertained a doubt, whether the diminution, from that at the common law in England, might not perhaps be too great, yet no Judge distinctly dissented from it at any time, and since the case of
 
 Candler vs.
 
 Lunsford, 4 Dev. and Bat. 407, the time has been considered fixed at thirty years. For, although the evidence was there of a possession for thirty-five years, the instruction to the jury was, that from an uninterrupted possession of thirty years they should presume a grant, and the judgment was affirmed here by the concurring opinion ol all the Judges. The same period was subsequently specified in
 
 Wallace vs.
 
 Maxwell, 10 Ired. 110, and, again, it was distinctly stated, in
 
 Reed vs.
 
 Earnhart, 10 Ired. 526, as the shortest which could authorise the presumption of a grant. The point has never been drawn into question since 1839 ; and the Judges of the Court at present coincide unanimously in opinion on it: which it is thought proper to mention, as it involves a rule of property and is therefore a point of importance, which makes it fit, that it should be known to be judicially settled.
 

 As to leaving the matter to the jury, as a presumption of fact, on this evidence, according to the prayer of the defendant; that was out of the question. It is difficult to suppose a case, in which a grant ought not to be presum ed
 
 *265
 
 where there has been a possession of a portion of the public domain for the requisite length of time ; and it seems not less difficult to suppose, that a jury could be justified in finding, that a grant had actually issued, when there was no direct proof of it, and there was not the requisite length of possession.
 
 Bullard vs. Barksdale,
 
 11 Ired. 461. But, if the question, as to a presumption of the latter kind, could arise upon any state of facts, it certainly could not in this case. What was there to submit to the jury? Nothing, but the naked fact of twenty-four years possession. And it would be a manifest absurdity to leave it to the jury to deduce therefrom a presumption, which the Court was unable to do, upon the ground simply, that the law would not allow of such a presumption from a possession so short.
 

 Per Curiam. Judgment affirmed.